An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BOARD OF ADMINISTRATION
OF THE SUBSEQUENT INJURY
ACCOUNT FOR SELF-INSURED
EMPLOYERS; AND STATE OF
NEVADA DEPARTMENT OF
BUSINESS AND INDUSTRY, DIVISION
OF INDUSTRIAL RELATIONS,
Appellants,
vs.
HARRAH'S LAUGHLIN; AND CANNON
COCHRAN MANAGEMENT SERVICES,
INC.,
Respondents.

No. 57841

FILED

FEB 28 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Maline_
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a petition for judicial review in a workers' compensation action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

In 2000, David Percell was employed by respondent Harrah's Laughlin and suffered a work-related injury, which aggravated a preexisting injury in his lower spine.[1] Percell applied for disability benefits and Harrah's arranged for a partial permanent disability (PPD) evaluation to determine the percentage of Percell's preexisting injury. In order for Harrah's to be eligible for reimbursement from Nevada's

---

[1]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

13-06291

Subsequent Injury Account (the Account), Percell needed a rating of at least 6% disability due to his preexisting injury.

In 2002, Percell was rated by Dr. Scott Forbes with a 5% disability apportioned to his preexisting injury pursuant to the 4th Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (the AMA Guides), which was the edition in effect at that time. In 2005, following adoption of a new version of the AMA Guides, Harrah's arranged for a file review of Percell's medical history to be performed by a different doctor. Pursuant to the 5th Edition of the AMA Guides, Dr. Richard Kudrewicz rated Percell as at least 6% disabled due to his preexisting injury. Harrah's then filed an application for reimbursement from the Account based on this subsequent rating.

After reviewing Percell's file, appellant, the Board of Administration of the Account (the Board), denied Harrah's application for reimbursement, continuing to utilize the initial 5% rating. The district court reversed this decision, reasoning that the Board abused its discretion by relying on the initial rating because it was not based on the most recent edition of the AMA Guides.

On appeal, the Board argues that its decision to deny Harrah's request for reimbursement should be upheld because NRS 616C.110 does not prohibit reliance on PPD evaluations properly conducted under earlier editions of the AMA Guides. We agree.

Standard of review

"This court's role in reviewing an administrative decision is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion."

United Exposition Service Co. v. SIIS, 109 Nev. 421, 423, 851 P.2d 423, 424 (1993). This court will not substitute its judgment for that of the administrative agency if its decision is supported by substantial evidence. Id. at 423-24, 851 P.2d at 424. When reviewing questions of law, including issues of statutory interpretation, this court applies de novo review. State, DMV v. Taylor-Caldwell, 126 Nev. ___, ___, 229 P.3d 471, 472 (2010).

### The Board did not abuse its discretion by relying on the initial PPD evaluation

"'Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.'" State, Div. of Insurance v. State Farm, 116 Nev. 290, 293, 995 P.2d 482, 485 (2000) (quoting State v. Jepsen, 46 Nev. 193, 196, 209 P. 501, 502 (1922)).

To qualify for reimbursement from the Account, NRS 616B.557(3) requires a showing that the injured employee suffered from a permanent physical impairment of at least 6% prior to incurring the subsequent industrial injury. NRS 616C.110 supplements this requirement and provides:

> (1) For the purposes of NRS 616B.557 . . . , not later than August 1, 2003, the Division [of Industrial Relations] shall adopt regulations incorporating the [5th Edition of the AMA Guides], by reference. The regulations:
>
> . . .
>
> (b) Must be applied to all examinations for a permanent partial disability that are conducted on or after the effective date of the regulations, regardless of the date of injury.

(Emphases added.)

On appeal, Harrah's acknowledges that the initial rating was properly conducted pursuant to the 4th Edition of the AMA Guides, but argues that NRS 616C.110 requires that ratings based on outdated guidelines must be recalculated pursuant to the 5th Edition in order to comply with NRS 616B.557(3).[2] We disagree.

By its plain language, NRS 616C.110 simply mandates that PPD evaluations conducted after August 1, 2003, must be pursuant to the 5th Edition of the AMA Guides. NRS 616C.110 does not require that PPD evaluations conducted pursuant to the 4th Edition be invalidated upon adoption of the 5th Edition.

For these reasons, we conclude that the Board acted within its discretion by adhering to Dr. Forbes' 2002 PPD evaluation and that the Board reasonably concluded that the initial 5% PPD evaluation should govern Harrah's eligibility for reimbursement. See State Farm, 116 Nev. at 293, 995 P.2d at 485 (indicating that an agency's interpretation of a statute is afforded great deference so long as it does not "conflict[ ] with existing statutory provisions"). Accordingly, we

---

[2]Harrah's argues that our recent holding in Public Agency Compensation Trust v. Blake, 127 Nev. ___, ___, 265 P.3d 694, 695 (2011) (PACT), creates a bright-line rule whereby conflicts between ratings under different editions of the AMA Guides are resolved by recalculating the prior rating using the later edition. We disagree. In PACT, we addressed a situation that involved two PPD evaluations based on a series of industrial injuries that occurred over the course of employment. Because each injury was evaluated under a different version of the AMA Guides, the insurer was presented with conflicting impairment percentages that were not comparable for apportionment purposes. Id. This case does not present a conflict between multiple work-related injuries that were evaluated under different versions of the AMA Guides. Instead, this case involves a single work-related injury being re-evaluated after a lapse of three years. Thus, PACT does not apply.

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

cc:  Hon. Nancy L. Allf, District Judge
     Persi J. Mishel, Settlement Judge
     The Law Offices of Charles R. Zeh, Esq.
     Dept. of Business & Industry/Industrial Relations Div./Henderson
     Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
     Eighth District Court Clerk